UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

|  |  |  |
|---|---|---|
| JENNIFER K., | | |
| | Plaintiff, | **DECISION and ORDER** |
| v. | | |
| ANDREW M. SAUL,[1] Commissioner of Social Security, | | **19-CV-1528F** (**consent**) |
| | Defendant. | |

_____

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER, PLLC
                                    Attorneys for Plaintiff
                                    KENNETH R. HILLER, and
                                    JUSTIN DAVID JONES, of Counsel
                                    6000 North Bailey Avenue, Suite 1A
                                    Amherst, New York  14226

                                    JAMES P. KENNEDY, JR.
                                    UNITED STATES ATTORNEY
                                    Attorney for Defendant
                                    Federal Centre
                                    138 Delaware Avenue
                                    Buffalo, New York  14202
                                              and
                                    DENNIS J. CANNING
                                    Special Assistant United States Attorney, of Counsel
                                    Social Security Administration
                                    Office of General Counsel
                                    601 East 12th Street, Room 965
                                    Kansas City, Missouri  64106

## JURISDICTION

On October 14, 2020, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 11).  The matter is presently before

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

the court on motions for judgment on the pleadings filed by Plaintiff on March 30, 2020

(Dkt. 8), and by Defendant on May 19, 2020 (Dkt. 9).

**BACKGROUND**

Plaintiff Jennifer K. ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on February 21, 2014, for Social Security Disability Insurance ("SSDI") under Title II of the Act, and for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits"). Plaintiff alleges she became disabled on March 28, 2013, based on a right shoulder injury for which surgery was not an option because of her age, headaches from shoulder pain, and back pain from the shoulder. AR[2] at 23, 257, 264, 295, 299. Plaintiff's applications initially were denied on April 22, 2014, AR at 89-96, 97-104, 131-35, and at Plaintiff's timely request, AR at 136-38, on May 12, 2016, a hearing was held via video conference in Kansas City, Missouri before administrative law judge ("ALJ") George M. Bock ("ALJ Bock"). AR at 70-88 ("first administrative hearing"). Appearing and testifying at the administrative hearing were Plaintiff, represented by William C. Bernhardi, Esq., and vocational expert ("VE") Stella Doering ("VE Doering").

On June 2, 2016, ALJ denied the claims, AR at 109-26 ("ALJ Bock's Decision"), which Plaintiff timely appealed to the Appeals Council. AR at 189-90. On September

---

[2] References to "AR" are to the CM/ECF-generated page number of the Administrative Record electronically filed by Defendant on January 29, 2020 (Dkt. 5).

2

21, 2017, the Appeals Council granted Plaintiff's request for review and remanded the matter for another administrative hearing.  AR at 127-31, 190.

Accordingly, on June 21, 2018, another administrative hearing was held in Buffalo, New York before ALJ Paul Georger ("the ALJ").  AR at 45-74 ("ALJ's Decision").  Appearing and testifying at the hearing were Plaintiff, represented by Mr. Bernhardi, and VE Jay Steinbrenner ("VE Steinbrenner").  On October 3, 2018, the ALJ issued a decision finding Plaintiff is not disabled and denying Plaintiff's disability benefits claims.  AR at 20-39.  On December 3, 2018, Plaintiff requested review of the ALJ's Decision by the Appeals Council, AR at 256, which denied the request on September 13, 2019, AR at 1-6, rendering the ALJ's Decision the Commissioner's final decision.  On November 12, 2019, Plaintiff commenced the instant action seeking review of ALJ's Decision.

On March 30, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 8) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 8-1) ("Plaintiff's Memorandum").  On May 19, 2020, Defendant moved for judgment on the pleadings (Dkt. 9) ("Defendant's Motion"), attaching Defendant's Brief in Support of Defendant's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 (Dkt. 9-1) ("Defendant's Memorandum").  Filed on June 6, 2020, was Plaintiff's Rely Brief to Defendant's Motion for Judgment on the Pleadings (Dkt. 10) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

**<u>FACTS</u>**[3]

Plaintiff Jennifer K. ("Plaintiff"), born April 12, 1978, was 35 years old as of her alleged disability date ("DOD") of March 23, 2013,  AR at 23, 257, 264, and 40 years old as of October 3, 2018, the date of the ALJ's Decision.  AR at 33.  Upon applying for disability benefits, Plaintiff was not married and lived alone in an apartment.  AR at 309.  Plaintiff graduated high school where she attended regular classes, but has not received any specialized or vocational training.  AR at 310.  Plaintiff can drive and has a driver's license.  AR at 312-13.  Plaintiff's work experience includes as a cashier in a grocery store and donut shop where she was also a "donut finisher."  AR at 300.

In forms completed in support of her disability benefits applications, Plaintiff reported her daily activities include taking care of her daughter and taking her daughter to school, cooking and preparing meals daily, light housecleaning, doing dishes, and grocery shopping.  AR at 305-19.  Plaintiff's mother watches Plaintiff's daughter when Plaintiff is not feeling well.  *Id*.  Plaintiff could perform most personal care tasks with the exception of pulling a shirt over her head, raising her arms to put her hair into a ponytail, and applying underarm deodorant.  AR at 310-11.  Plaintiff's hobbies and interests included watching television, talking on the telephone and visiting with friends, sports, and riding a bike which Plaintiff did every day until she injured her shoulder and was then no longer able to participate in sports or ride a bike.  AR at 313-14.

It is undisputed that Plaintiff suffers from advanced osteoarthritis of her right shoulder, attributed to a blood infection as a child that "settled" in her shoulder requiring surgical open irrigation and debridement as a high school freshman.  AR at 430, 531.

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

On April 8, 2013, Plaintiff went to the emergency department at Mercy Hospital, Buffalo, New York, complaining of right shoulder pain with tenderness, and limited range of motion ("ROM") for the past week which Plaintiff attributed to an injury sustained when her right arm was twisted behind her while being handcuffed by the police in connection with an arrest.  AR at 409, 423.

On September 24, 2014, Plaintiff established primary care at Lakeshore Family Medicine Assoc., PC ("Lakeshore"), in Hamburg, New York, where Plaintiff's primary care physician was Mary Rykert-Wolf, M.D. ("Dr. Rykert-Wolf"), and Plaintiff also saw Tariq A. Sheikh, M.D., PA-C Ashley Skipper, and PA-C Elizabeth Brownell.  AR at 441-76, 488-502, 507-28, 548-64.  Dr. Rykert-Wolf referred Plaintiff for pain management to New York Spine and Wellness Center in Depew, New York, where Plaintiff saw Elizabeth Hanretty, P.A.  AR at 477-87.  Plaintiff also received treatment for her shoulder impairment from orthopedist David M. Fisher, M.D. ("Dr. Fisher"), AR at 427-31, and from orthopedist Philp Stegemann, M.D. ("Dr. Stegemann"), AR at 503-04, 526-27, 544-47, and on June 11, 2018, underwent an evaluation for physical therapy by occupational therapist Joseph Higgins, at Work Capacity Center of Western New York. AR at 574-88.

In connection with her disability benefits applications, on April 14, 2015, Plaintiff underwent a consultative physical examination by Samuel Balderman, M.D. ("Dr. Balderman"), AR at 432-36, and on November 18, 2017, by Nikita Dave, M.D. ("Dr. Dave").  AR at 531-42.

**DISCUSSION**

**1.      Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has

instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982). In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Id.*, 523 Fed.Appx. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

2.     **Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

7

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if

the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff met the insured status requirement for SSDI through June 30, 2015, AR at 25, has not engaged in substantial gainful activity since March 28, 2013, her alleged disability onset date, *id*., and suffers from the severe impairment of osteoarthritis of the right shoulder and right shoulder contracture, *id*., but that Plaintiff's asserted thoracic strain and vitamin D deficiency have no more than a minimal effect on Plaintiff's ability to meet the basic demands of work activity and are thus, by definition, non-severe, *id*. at 26, and that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*.  Despite her impairment, the ALJ found Plaintiff retains the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with additional limitations of standing up to four hours, and walking up to four hours in an eight-hour workday, no limitation in her ability to sit, cannot reach in any direction with her right arm, cannot climb ladders, ropes, or scaffolds, cannot balance or crawl, must avoid unprotected heights and moving mechanical parts, but can occasionally operate a motor vehicle.  AR at 26-32.  The ALJ also found Plaintiff has no past relevant work ("PRW"),[5] *id*. at 32, yet Plaintiff, based on her age, high school education, ability to communicate in English, and RFC, the VE's testimony at the administrative hearing, and in accordance with the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids"), could perform other work existing in significant numbers in the national economy including as an

---

[5] The ALJ considered Plaintiff's earnings at her previous jobs as a cashier, waitress and donut finisher never met the Act's threshold level for substantial gainful employment.  AR at 32.

9

telephone survey worker, telemarketer, and surveillance systems monitor, which jobs VE Steinbrenner identified at the administrative hearing. *Id*. at 32-33. Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id*. at 33.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ erred by failing to reconcile discrepancies between his RFC determination and the medical opinions to which he gave great weight and which included greater limitations than the RFC. AR at 13-18. In opposition, Defendant maintains the ALJ properly evaluated the medical opinions and other evidence of record. Defendant's Memorandum at 19-25. In reply, Plaintiff repeats her argument that the asserted failure by the ALJ to reconcile the medical opinions to which he gave great weight with the RFC determination requires remand for further administrative proceedings. Plaintiff's Reply at 1-5. There is no merit to Plaintiff's arguments.

Plaintiff specifically takes issue with the ALJ's assigning "great weight" to the opinions of two treating physicians, Dr. Rykert-Wolf and Dr. Stegemann, as well as to a consultative opinion by Dr. Dave, yet all such opinions assessed Plaintiff with greater limitations than the ALJ incorporated into the RFC. Plaintiff's Memorandum at 14-18. In particular, on May 28, 2015, Dr. Rykert-Wolf opined Plaintiff was unable to engage in repetitive lifting, pulling, or pushing. AR at 491. On May 11, 2016, Dr. Stegemann opined Plaintiff has limited range of motion in her right shoulder, marked limitations in strength, and "[f]rom employment standpoint is a type of job that does not require use of the right shoulder." AR at 503. In her November 18, 2017 medical source statement, Dr. Dave reported Plaintiff had "moderate to marked limitations for repetitive range of

motion to the right shoulder and for gross manipulation through the proximal right upper extremity (upper arm).  AR at 534.  Dr. Dave further found Plaintiff could only occasionally lift and carry up to 10 lbs. with her right upper extremity, AR at 535, and could never reach, push or pull with her right hand.  AR at 537.  As stated, Discussion, *supra*, at 9, the ALJ determined Plaintiff retains the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with, as regards Plaintiff's shoulder impairment, an inability to reach in any direction with her right arm, cannot climb ladders, ropes, or scaffolds, cannot balance or crawl, but can occasionally operate a motor vehicle.  AR at 2.  Accordingly, the ALJ did not specifically articulate the additional limitations found by Dr. Rykert-Wolf and Dr. Dave that Plaintiff cannot perform any work requiring repetitive lifting, pushing, and pulling, AR 491, 534, 537, and Dr. Stegemann's completely restricting Plaintiff from performing work requiring any use of her "right upper extremity."  AR at 503.  This was not error.

> In particular, the relevant regulations provide that
>
> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) and § 416.967(a).

Because "sedentary work" does not require frequent lifting or pushing and pulling, the ALJ, by limiting Plaintiff to sedentary work, accounted for Plaintiff's inability to engage in frequent lifting, pushing, and pulling as found by Dr. Rykert-Wolf and repetitive motion involving Plaintiff's right shoulder as found by Dr. Dave.  *Compare* 20 C.F.R. § 404.1567(b) and  § 416.967(b) (defining "light work" as involving "frequent lifting or

11

carrying of objects weighing up to 10 pounds," and some pushing and pulling of arm or leg controls. . . .").

Insofar as Dr. Stegemann, Plaintiff's treating orthopedic surgeon, opined Plaintiff could not perform any job requiring use of her right shoulder, AR at 503, the ALJ also gave great weight to the April 14, 2014 consultative opinion of Dr. Balderman who observed Plaintiff "needed no help changing for exam or getting on and off exam table," and also rose from a chair without difficulty.  AR at 434.  Dr. Balderman's medical source statement was that Plaintiff had a "moderate to marked limitation in reaching, pushing, and pulling with the right upper extremity due to shoulder pain."  AR at   435.  Significantly, neither Dr. Rykert-Wolf, Dr. Dave, nor Dr. Balderman included Dr. Stegemann's limitation that Plaintiff avoid any work requiring any use of her right upper, *i.e.*, shoulder, extremity.  Nevertheless, the RFC formulated by the ALJ is consistent with the opinions of Dr. Rykert-Wolf, Dr. Dave, and Dr. Balderman.  Relevantly, the ALJ is permitted to choose between conflicting opinions.  See *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.") (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)); *Cage v. Commissioner of Social Security*, 692 F.3d 118, 122 (2d Cir. 2012) (The Second Circuit will "defer to the Commissioner's resolution of conflicting evidence.").  Further, the ALJ is permitted to rely on the opinion of a consultative examiner provided the opinion is supported by and consistent with other evidence in the record.  See *Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (consultative physician's report may constitute substantial evidence).  Accordingly the ALJ, by failing to include in his RFC Dr. Stegemann's additional restriction, in

contrast to those of Dr. Rykert-Wolf, Dr. Dave, and Dr. Balderman, that Plaintiff cannot perform any work requiring use of her right shoulder, simply chose the opinions of three other physicians, which the ALJ was permitted to do, *see Cage*, 692 F.3d at 122 (ALJ permitted to choose between conflicting evidence), such that there is no merit to Plaintiff's argument that the ALJ failed to properly weigh the medical opinions of record in formulating Plaintiff's RFC.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 8) is DENIED; Defendant's Motion (Dkt. 9) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: March 8th, 2021
Buffalo, New York